FIRST STATE BANK OF TEAGUE v. WALTER & HAFNER JEWELRY CO.

(Court of Civil Appeals of Texas. Dallas. Feb. 17, 1912.)

ESTOPPEL (§ 94*)—CONVERSION.

Where a bank, which was the creditor of a defunct corporation, and whose debt was secured by collateral and not sued on, knowingly acquiesced in the sale of the corporation's entire stock in trade, and its cashier received, held, and delivered to the debtor a check for the price, though its debt was then past due, it was estopped from asserting a claim against the buyer for conversion of the debtor's stock.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 245–247, 276–284; Dec. Dig. § 94.*]

Appeal from District Court, Freestone County; H. B. Daviss, Judge.

Action by the First State Bank of Teague against the Walter & Hafner Jewelry Company. From a judgment for the defendant, plaintiff appeals. Affirmed.

D. T. Garth, for appellant.

RAINEY, C. J. Appellant sued to recover of appellees an indebtedness owing by the Teague Jewelry Company, a defunct corporation. The allegations, in substance, were that the Teague Jewelry Company was a failing concern, and while it was in that condition it sold to appellees its entire stock in trade. That it was indebted to appellant, and by reason of which appellees became bound for the payment of said indebtedness. Appellees answered by general demurrer, general denial, innocent purchaser, and estoppel. A trial without a jury resulted in a judgment in favor of appellees, and appellant prosecutes this appeal.

The trial court's conclusions of fact, which we find are supported by the evidence, are adopted by this court, and are as follows:

(1) I find that defendant, Walter & Hafner Jewelry Company, neither at the time of the institution of this suit, nor at any other time, ever owed plaintiff anything.

(2) I find that this is a suit filed by plaintiff against defendant for the alleged conversion of the certain stock of jewelry, fixtures, and iron safe bought by defendant from the Teague Jewelry Company about February, 1909.

(3) I find that about February, 1909, defendant, Walter & Hafner Jewelry Company, in good faith, and for its full value in cash, bought and paid for the stock of jewelry, fixtures, and iron safe belonging to the Teague Jewelry Company, theretofore doing business in Teague; that said Walter & Hafner Jewelry Company in fact paid for said stock of jewelry, fixtures, and iron safe the sum of $1,673.29 in cash; and that said $1,673.29 was the full, fair, reasonable, and agreed market value of all of said stock of jewelry, fixtures, and iron safe.

(4) I find that at the time, February, 1909, the Teague Jewelry Company owed plaintiff, the First State Bank of Teague, the sum of $1,000, which it had theretofore borrowed from plaintiff; that said Teague Jewelry Company had deposited with plaintiff, as collateral security for its said debt, two certificates of stock of the Teague Jewelry Company, of 10 shares each, of the alleged aggregate value of $2,000; that said shares of stock were then in the possession of plaintiff indorsed in blank; that said debt of $1,000 was then past due; and that, no suit had then been filed upon said debt or collateral security.

(5) I find: That after February, 1909, plaintiff, the First State Bank of Teague, made other and different loans to D. M. Cave, the president of said Teague Jewelry Company, as follows: On June 3, 1909, $208.-35, due 30 days after date; and on July 3, 1909, $250 due 30 days after date. And that thereafter, to wit, on January 28, 1910, plaintiff filed suit upon its said debt against the Teague Jewelry Company, D. M. Cave, Gadsden Millinery Company, et al., in the district court of Freestone county, Tex., and thereafter on September 30, 1910, recovered judgment in said court against said Teague Jewelry Company, D. M. Cave, Gadsden Millinery Company, et al., for $1,762.40.

(6) I find that during the pendency of the negotiations by defendant, Walter & Hafner Jewelry Company, for the purchase of the stock of goods, fixtures, and iron safe belonging to the Teague Jewelry Company, all said negotiations were conducted with the full knowledge of plaintiff, First State Bank of Teague, and of W. A. Mixon, its cashier, and were done through said plaintiff and its said cashier; that during the pendency of said negotiations in February, 1909, Walter & Hafner Jewelry Company drew its check for $1,673.29, the full amount of the inventory and appraisement and value of said stock of jewelry, fixtures and iron safe, and deposited same with plaintiff, First State Bank of Teague, and its cashier, W. A. Mixon, to be held by said bank and cashier until all the details of the final transfer and delivery of said stock of goods, fixtures, and iron safe were completed and the debts and affairs of said Teague Jewelry Company were adjusted; that said deposit of said check was done by agreement of D. M. Cave, president of the Teague Jewelry Company,

and L. H. Walter, as a member of the firm of Walter & Hafner Jewelry Company, each acting for his respective concern; and that said deposit was made and held by the consent and with the knowledge and acquiescence of plaintiff, First State Bank of Teague, and of said W. A. Mixon, its cashier.

(7) I find that, when the negotiations between the parties were finally completed and said property delivered to defendant, plaintiff, the First State Bank of Teague, and said W. A. Mixon, its cashier, had and held said check of $1,673.29 in their possession; and that plaintiff and W. A. Mixon were advised by L. H. Walter for the Walter & Hafner Jewelry Company that all negotiations had terminated between the parties, that the check was the property of the Teague Jewelry Company, and to deliver it to them.

(8) I find, as before stated, that said debt of the Teague Jewelry Company to plaintiff of $1,000 was then past due at the time plaintiff and said W. A. Mixon had and held said check and were instructed by L. H. Walter to surrender it to the Teague Jewelry Company; that said debt of $1,000 was the only debt the Teague Jewelry Company then owed to plaintiff; that said check then being in plaintiff's possession, and said two certificates of stock also being in its possession, plaintiff could have collected its said debt by the exercise of ordinary diligence and still had on hand in its possession of the funds and securities of the Teague Jewelry Company a considerable amount over and above the value and amount of its said debt; and that plaintiff failed to exercise ordinary diligence for the collection of its debt, but delivered said check to D. M. Cave, president of the Teague Jewelry Company, who received the cash thereon and appropriated it.

(9) I find that all the notes offered in evidence on the trial of this case, to wit, two notes for $500 each, dated March 9, 1909, and payable September and November, 1909, respectively, one note for $208.35, dated June 3, 1909, due 30 days after date, and one note for $250, dated July 3, 1909, due 30 days after date, which constituted the basis for plaintiff's cause of action in the suit against the Teague Jewelry Company on which the judgment for $1,762.40 in the district court of Freestone county, Tex., are all dated after the purchase by defendant, Walter & Hafner Jewelry Company, from the Teague Jewelry Company on February ———, 1909; and that defendant, having purchased before their execution, would not be liable therefor. And I therefore find that defendant Walter & Hafner Jewelry Company have not become in any way liable to plaintiff upon its alleged cause of action; and that defendant, Walter & Hafner Jewelry Company, have not converted any of the property of the Teague Jewelry Company to their own use in any such way as to render them liable to the plaintiff for the debt of the Teague Jewelry Company.

### Conclusions of Law.

Appellant knowing of the negotiations between the Teague Jewelry Company and appellees for the sale of the entire stock of the Teague Jewelry Company, and being informed of its consummation, and having in its hands the consideration which it turned over to said Teague Jewelry Company, and failing to apply said consideration to the payment of the debt due it by the Teague Jewelry Company, it is estopped from asserting any claim therefor as against appellees.

The judgment is affirmed.